IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

CHILD PROTECT, LLC,

          Plaintiff,

v.

HTC AMERICA, INC.,

LG ELECTRONICS, INC.,

LG ELECTRONICS USA, INC.,

MOTOROLA, INC.,

NOKIA SIEMENS NETWORKS US, LLC,

NOKIA, INC.,

RESEARCH IN MOTION CORPORATION,

RESEARCH IN MOTION LIMITED,

SAMSUNG ELECTRONICS CO. LTD.,

SAMSUNG ELECTRONICS AMERICA,
INC.,

SAMSUNG TELECOMMUNICATIONS
AMERICA, LLC,

SANYO ELECTRIC CO., LTD.,

SANYO ELECTRONIC DEVICE (U.S.A.),
INC.

SONY ERICSSON MOBILE
COMMUNICATIONS AB,

and

SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC.

          Defendants.

Case No. 6:10-cv-171

PATENT CASE

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Child Protect, LLC ("Plaintiff") files this Complaint against HTC America, Inc., ("HTC"), LG Electronics, Inc. ("LG"), LG Electronics U.S.A., Inc. ("LG USA"), Motorola, Inc. ("Motorola"), Nokia Siemens Networks US, LLC ("Nokia"), Nokia, Inc. ("Nokia USA"), Research in Motion Corporation ("RIM Corp."), Research in Motion Limited ("RIM Ltd."), Samsung Electronics Co., Ltd. ("Samsung"), Samsung Electronics America, Inc. ("Samsung USA"), Samsung Telecommunications America, LLC ("Samsung Telecom"), Sanyo Electric Co., Ltd. ("Sanyo"), Sanyo Electronic Device (U.S.A.), Inc. ("Sanyo USA"), Sony Ericsson Mobile Communications AB ("Sony") and Sony Ericsson Mobile Communications (USA) Inc. ("Sony USA"), (collectively referred to as "Defendants") for infringement of United States Patent No. 7,532,715 (hereinafter "the '715 patent").

## JURISDICTION

1.      This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3.      Plaintiff Child Protect, LLC is a Texas Limited Liability Company located in Frisco, Texas.

4.      Defendant HTC is a Texas corporation with its principal place of business located at 13290 SE Eastgate Way, Suite 400, Bellevue, Washington 98005.  This Court has personal jurisdiction over HTC because HTC has committed, and continues to commit, acts of

infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

5.      Defendant LG is a Korean corporation with a principal place of business at LG Twin Towers 20, Yeouido-dong, Yeongdeunspo-gu, Seoul 150-721, Korea.  This Court has personal jurisdiction over LG because LG has committed, and continues to commit acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6.      Defendant LG USA is a Delaware corporation with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  This Court has personal jurisdiction over LG USA because LG USA has committed, and continues to commit acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

7.      Defendant Motorola is a Delaware corporation with its principal place of business located at 1303 E. Algonquin Rd., Schaumburg, Illinois 60196.  This Court has personal jurisdiction over Motorola because Motorola has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

8.      Defendant Nokia is a Finland Corporation with its principal place of business at Karaportti 3, 02610 Espoo, Finland.  This Court has personal jurisdiction over Nokia because Nokia has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

9.      Defendant Nokia USA is a Delaware corporation with its principal place of business located at 102 Corporate Park Drive, White Plains, New York 10604.  This Court has personal jurisdiction over Nokia USA because Nokia USA has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

10.      Defendant RIM Corp. is a Delaware corporation with its principal place of business located at 122 W. John Carpenter Parkway, Suite 430, Irving, Texas 75039.  This Court has personal jurisdiction over RIM Corp. because RIM Corp. has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

11.      Defendant RIM, Ltd. is a corporation organized under the laws of the province of Ontario, Canada, with its principal place of business located at 296 Phillip Street, Waterloo, Ontario Canada.  This Court has personal jurisdiction over RIM, Ltd. because RIM, Ltd. has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

12.      Defendant Samsung is a Korean corporation with a principal place of business at Samsung Main Building, 250 2-ka, Taepyuung-Ro, Chung-Ku, Seoul, Korea.  This Court has personal jurisdiction over Samsung because Samsung has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

13.      Defendant Samsung USA is a New York corporation with its principal place of business located at 105 Challenger Road, Ridgefield Park, New Jersey 07660.  This Court has

personal jurisdiction over Samsung USA because Samsung USA has committed, and continues

to commit, acts of infringement in the state of Texas, has conducted business in the state of

Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

14.     Defendant Samsung Telecom is a Delaware corporation with its principal place of

business located at 1301 East Lookout Drive, Richardson, Texas 75082.  This Court has personal

jurisdiction over Samsung Telecom because Samsung Telecom has committed, and continues to

commit, acts of infringement in the state of Texas, has conducted business in the state of Texas,

and/or has engaged in continuous and systematic activities in the state of Texas.

15.     Defendant Sanyo is a Japanese corporation with its principal place of business at 2-

5-5 Keihan-Hondori, Moriguchi-ku, Osaka 570-8677, Japan.  This Court has personal

jurisdiction over Sanyo because Sanyo has committed, and continues to commit, acts of

infringement in the state of Texas, has conducted business in the state of Texas, and/or has

engaged in continuous and systematic activities s in the state of Texas.

16.      Defendant Sanyo USA is a Delaware corporation with its principal place of

business located at 2600 Network Boulevard, 6th Floor, Frisco, Texas 75034.  This Court has

personal jurisdiction over Sanyo USA because Sanyo USA has committed, and continues to

commit, acts of infringement in the state of Texas, has conducted business in the state of Texas,

and/or has engaged in continuous and systematic activities in the state of Texas.

17.     Defendant Sony is a Sweden corporation with its principal place of business at Nya

Vattentornet, SE-221 88 Lund, Sweden.  This Court has personal jurisdiction over Sony because

Sony has committed, and continues to commit, acts of infringement in the state of Texas, has

conducted business in the state of Texas, and/or has engaged in continuous and systematic

activities in the state of Texas.

5

18.     Defendant Sony USA is a Delaware corporation with its principal place of business located at 7001 Development Dr., Research Triangle, North Carolina 27709. This Court has personal jurisdiction over Sony USA because Sony USA has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

19.     On information and belief, Defendants' actions that are alleged herein to infringe were and continue to be practiced, made, used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

20.     Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district. In addition, and in the alternative, Defendants have committed acts of infringement in this district and have regular and established places of business in this district.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,532,715)

21.     Plaintiff incorporates paragraphs 1 through 20 herein by reference.

22.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271 *et seq.*

23.     Plaintiff is the exclusive licensee of U.S. Patent number 7,532,715 ("the '715 patent"), entitled "Telephone Call Control Methods," with the right to sue and recover damages for the past and future infringement thereof. A true and correct copy of the '715 patent is attached as Exhibit A.

24.     On information and belief, Defendant HTC is directly and/or indirectly infringing at least one claim of the '715 patent in this judicial district and elsewhere in Texas and the United States by, among other things, practicing one or more methods covered by the claims of the '715 patent, making, using, offering for sale, selling and/or importing communications devices that practice one or more methods covered by the claims of the '715 patent, and/or contributing to the infringement and/or inducing others to infringe the '715 patent via at least its HTC Fuze communications device with fixed dialing capability ("HTC Products").

25.     On information and belief, in addition to HTC or in the alternative, users of the HTC Products are direct infringers of the '715 patent.

26.     HTC is thereby liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to Plaintiff, which will continue unless and until HTC is enjoined.

27.     On information and belief, Defendants LG and LG USA (collectively "LG Defendants") are jointly, directly and/or indirectly infringing at least one claim of the '715 patent in this judicial district and elsewhere in Texas and the United States by, among other things, practicing one or more methods covered by the claims of the '715 patent, making, using, offering for sale, selling and/or importing communications devices that practice one or more methods covered by the claims of the '715 patent, and/or contributing to the infringement and/or inducing others to infringe the '715 patent via at least their LG CF360, LG Shine and LG Vu communications devices with fixed dialing capability ("LG Products").

28.     On information and belief, in addition to LG Defendants or in the alternative, users of the LG Products are direct infringers of the '715 patent.

29.     The LG Defendants are thereby jointly and severally liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to Plaintiff, which will continue unless and until the LG Defendants are enjoined.

30.     On information and belief, Defendant Motorola is directly and/or indirectly infringing at least one claim of the '715 patent in this judicial district and elsewhere in Texas and the United States by, among other things, practicing one or more methods covered by the claims of the '715 patent, making, using, offering for sale, selling and/or importing communications devices that practice one or more methods covered by the claims of the '715 patent, and/or contributing to the infringement and/or inducing others to infringe the '715 patent via at least its Motorazr VE620, Buzz IC 502, Renegade V950, Karma, Tundra and V365 communications devices with fixed dialing capability ("Motorola Products").

31.     On information and belief, in addition to Motorola or in the alternative, users of the Motorola Products are direct infringers of the '715 patent.

32.     Motorola is thereby liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to Plaintiff, which will continue unless and until Motorola is enjoined.

33.     On information and belief, Defendants Nokia and Nokia USA (collectively "Nokia Defendants") are jointly, directly and/or indirectly infringing at least one claim of the '715 patent in this judicial district and elsewhere in Texas and the United States by, among other things, practicing one or more methods covered by the claims of the '715 patent, making, using, offering for sale, selling and/or importing communications devices that practice one or more methods covered by the claims of the '715 patent, and/or contributing to the infringement and/or inducing

others to infringe the '715 patent via at least its Nokia 6205, Nokia 6650, Nokia E71x and Nokia Surge communications devices with fixed dialing capability ("Nokia Products").

34.     On information and belief, in addition to the Nokia Defendants, or in the alternative, users of the Nokia Products are direct infringers of the '715 patent.

35.     The Nokia Defendants are thereby jointly and severally liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to Plaintiff, which will continue unless and until the Nokia Defendants are enjoined.

36.     On information and belief, Defendants Rim Corp. and Rim Ltd. (collectively "RIM Defendants") are jointly, directly and/or indirectly infringing at least one claim of the '715 patent in this judicial district and elsewhere in Texas and the United States by, among other things, practicing one or more methods covered by the claims of the '715 patent, making, using, offering for sale, selling and/or importing communications devices that practice one or more methods covered by the claims of the '715 patent, and/or contributing to the infringement and/or inducing others to infringe the '715 patent via at least their Blackberry Curve 8310, Blackberry Curve 8320, Blackberry 8820, Blackberry Bold 9000, Blackberry Curve 8900 and Blackberry Pearl 8110 communications device with fixed dialing capability ("RIM Products").

37.     On information and belief, in addition to the RIM Defendants or in the alternative, users of the RIM Products are direct infringers of the '715 patent.

38.     The RIM Defendants are thereby jointly and severally liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to Plaintiff, which will continue unless and until the RIM Defendants are enjoined.

39.     On information and belief, Defendants Samsung, Samsung USA and Samsung Telecom (collectively "Samsung Defendants") are jointly, directly and/or indirectly infringing at

least one claim of the '715 patent in this judicial district and elsewhere in Texas and the United States by, among other things, practicing one or more methods covered by the claims of the '715 patent, making, using, offering for sale, selling and/or importing communications devices that practice one or more methods covered by the claims of the '715 patent, and/or contributing to the infringement and/or inducing others to infringe the '715 patent via at least their Exclaim, M220, M320, A237, A637, Rugby, Highnote, Rant, Z400, Magnet, T239, A177, T229, T349, A777, T639, T819, Behold, Gravity, Highlight, Memoir, T109, T219, T339, T429, Eternity, Impression, Propel, A137, A167, A737, Solstice, Catalyst, T119, T439, Beat, Jack and Propel Pro  communications devices with fixed dialing capability ("Samsung Products").

40.     On information and belief, in addition to the Samsung Defendants or in the alternative, users of the Samsung Products are direct infringers of the '715 patent.

41.     The Samsung Defendants are thereby jointly and severally liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to Plaintiff, which will continue unless and until the Samsung Defendants are enjoined.

42.     On information and belief, Defendants Sanyo and Sanyo USA (collectively "Sanyo Defendants") are jointly, directly and/or indirectly infringing at least one claim of the '715 patent in this judicial district and elsewhere in Texas and the United States by, among other things, practicing one or more methods covered by the claims of the '715 patent, making, using, offering for sale, selling and/or importing communications devices that practice one or more methods covered by the claims of the '715 patent, and/or contributing to the infringement and/or inducing others to infringe the '715 patent via at least its their Katana, Katana Eclipse X, Pro 200, Pro 700, S1 and SCP-2700 communications device with fixed dialing capability ("Sanyo Products").

43.     On information and belief, in addition to the Sanyo Defendants or in the alternative, users of the Sanyo Products are direct infringers of the '715 patent.

44.     The Sanyo Defendants are thereby jointly and severally liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to Plaintiff, which will continue unless and until the Sanyo Defendants are enjoined.

45.     On information and belief, Defendants Sony and Sony USA (collectively "Sony Defendants") are jointly, directly and/or indirectly infringing at least one claim of the '715 patent in this judicial district and elsewhere in Texas and the United States by, among other things, practicing one or more methods covered by the claims of the '715 patent, making, using, offering for sale, selling and/or importing communications devices that practice one or more methods covered by the claims of the '715 patent, and/or contributing to the infringement and/or inducing others to infringe the '715 patent via at least its W350 and TM506 communications device with fixed dialing capability ("Sony Products").

46.     On information and belief, in addition to the Sony Defendants, or in the alternative, users of the Sony Products are direct infringers of the '715 patent.

47.     The Sony Defendants are thereby jointly and severally liable for infringement of the '715 patent pursuant to 35 U.S.C. § 271 and has thereby caused damage to Plaintiff, which will continue unless and until the Sony Defendants are enjoined.

48.     Defendants' actions complained of herein will continue unless Defendants are enjoined by this court.

49.     This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

50.     Plaintiff has complied with 35 U.S.C. § 287.

51.     Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

52.     To the extent that facts learned in discovery show that any of the defendants acts of infringement is or has been willful, Plaintiff reserves the right to request such finding at time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

a) Enter judgment for Plaintiff on this Complaint;

b) Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of the '715 patent;

c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

d) Award Plaintiff an ongoing royalty rate to compensate Plaintiff for Defendants' post-judgment infringement of the '715 patent;

e) Treble the damages in accordance with the provisions of 35 U.S.C. §284;

f) Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

g) Award Plaintiff reasonable attorney fees under 35 U.S.C. § 285;

h) Order the impounding and destruction of all Defendants' products that infringe the '715 patent;

i) Award Plaintiff pre-judgment and post judgment interest and costs; and

j)  Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable by right pursuant to Fed. R. Civ. P. 38.

DATED:  April 22, 2010

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

 /s/ Timothy E. Grochocinski
Anthony G. Simon
Timothy E. Grochocinski
701 Market Street, Suite 1450
Saint Louis, Missouri 63101
P. 314.241.2929
F. 314.241.2029
asimon@simonlawpc.com
teg@simonlawpc.com

T. John Ward, Jr. (Tex. Bar No. 00794818)
J. Wesley Hill (Tex. Bar No. 24032294)
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75601
P. 903.757.6400
F. 903.757.2323
jw@jwfirm.com
wh@jwfirm.com

**ATTORNEYS FOR PLAINTIFF
CHILD PROTECT, LLC**